UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
MAGALY E. HERIVEAUX,

                          Plaintiff,

      -against-

GOODWILL INDUSTRIES,

                         Defendant.
--------------------------------------------------------------- x

MEMORANDUM & ORDER

19-mc-182 (ENV) (LB)

VITALIANO, D.J.

By order, dated January 15, 2016, Magaly Heriveaux was prohibited from filing any future actions in the Eastern District of New York unless she (1) provides pre-payment of the filing fee, in accordance with 28 U.S.C. § 1914, or (2) obtains judicial permission for her proposed filing and otherwise meets the standards for *in forma pauperis* status. *See Heriveaux v. Fed. Bureau of Investigation*, No. 15-cv-4999 (ENV) (LB) (E.D.N.Y. Jan. 15, 2016), ECF No. 12, at 4. The Court issued this order in response to Heriveaux's unrelenting filing of duplicative and unintelligible complaints, as well as her inevitable and similarly meritless rebound motions for reconsideration of the orders dismissing those complaints. On January 14, 2019, Heriveaux filed the instant motion seeking leave to file a new complaint, along with a proposed complaint and an application to proceed *in forma pauperis* ("IFP"). (*See* Compl., ECF No. 1; Mot. for Leave to Proceed IFP, ECF No. 2).[1]

---

[1] The Clerk of Court properly filed these submissions on the miscellaneous docket.

1

Discussion

As with her 19 prior complaints,[2] the complaint Heriveaux now seeks leave to file is objectively nonsensical and frivolous. (*See, e.g.*, Compl. at 1 ("I look to have this remedied in the format of . . . Terminations or arrests of Good Will Industries staff who contributed to creating liability for me by abetting others to profile me, as I pursue services.")). Even if these pleadings make sense to Heriveaux, her subjective understandings cannot save the objectively nonsensical complaint she proposes from rejection. As a consequence, the submissions are not to be filed on the active civil docket.

---

[2] *See Heriveaux v. FEMA*, No. 15-cv-2326 (ENV) (LB) (E.D.N.Y. May 10, 2015), ECF No. 5 (dismissing the complaint as frivolous); *Heriveaux v. Sec'y of Def.*, No. 15-cv-340 (ENV) (LB) (E.D.N.Y. May 11, 2015), ECF No. 10 (same); *Heriveaux v. Fed. Gov't*, No. 14-cv-7105 (ENV) (LB) (E.D.N.Y. May 12, 2015), ECF No. 11 (same); *Heriveaux v. Berrien Cty.*, No. 15-cv-4138 (ENV) (LB) (E.D.N.Y. Aug. 3, 2015), ECF No. 4 (same); *Heriveaux v. Fed. Bureau of Investigation*, No. 15-cv-4999 (ENV) (LB) (E.D.N.Y. Oct. 30, 2015), ECF No. 5 (same); *Heriveaux v. Sec'y of Def.*, No. 16-cv-178 (ENV) (LB) (E.D.N.Y. Jan. 15, 2016) (docket order) (same); *Heriveaux v. Nat'l Sec. Agency*, No. 16-mc-836 (ENV) (E.D.N.Y. May 5, 2016), ECF No. 4 (same); *Heriveaux v. Pentagon*, No. 17-mc-218 (ENV) (E.D.N.Y. Jan. 30, 2017), ECF No. 4 (denying plaintiff's motion for leave to file a complaint because the proposed complaint was nonsensical and frivolous); *Heriveaux v. Fed. Bureau of Investigation*, No. 17-mc-1221 (ENV) (LB) (E.D.N.Y. Apr. 30, 2017), ECF No. 3 (same); *Heriveaux v. Fed. Gov't*, No. 17-mc-1766 (ENV) (LB) (E.D.N.Y. July 4, 2017), ECF No. 4 (same); *Heriveaux v. Fed. Gov't*, No. 17-mc-2322 (ENV) (LB) (E.D.N.Y. Sept. 9, 2017), ECF No. 9 (same); *Heriveaux v. U.S. Armed Forces*, 17-mc-2887 (ENV) (LB) (E.D.N.Y. Nov. 11, 2017), ECF No. 5 (same); *Heriveaux v. Nat'l Sec. Agency*, 18-mc-548 (ENV) (LB) (E.D.N.Y. Apr. 22, 2018), ECF No. 5 (same); *Heriveaux v. Pentagon*, No. 18-mc-622 (ENV) (LB) (E.D.N.Y. May 25, 2018), ECF No. 7 (same); *Heriveaux v. Fed. Gov't*, No. 18-mc-1435 (ENV) (LB) (E.D.N.Y. Aug. 3, 2018), ECF No. 4 (same); *Heriveaux v. Dep't of Homeland Sec.*, No. 18-mc-1853 (ENV) (LB) (E.D.N.Y. Aug. 17, 2018), ECF No. 8 (same); *Heriveaux v. Armed Forces*, No. 18-mc-2418 (ENV) (LB) (E.D.N.Y. Sept. 11, 2018), ECF No. 3 (same); *Heriveaux v. Michigan*, No. 18-mc-2633 (ENV) (LB) (E.D.N.Y. Oct. 17, 2018), ECF No. 6 (same); *Heriveaux v. Armed Forces*, No. 18-mc-3228 (ENV) (LB) (E.D.N.Y. Jan. 22, 2019), ECF No. 8 (same).

Conclusion

In line with the foregoing, Heriveaux's motion for leave to file a new complaint as proposed is denied. Her motion to proceed IFP is denied as moot. The Court's January 15, 2016 order, prohibiting Heriveaux from filing any further actions in this district unless she either (1) provides pre-payment of the filing fee, in accordance with 28 U.S.C. § 1914, or (2) obtains judicial permission for her proposed filing and otherwise meets the standards for IFP status, remains in full force and effect.

Nothing in this Order shall be construed to prohibit Heriveaux from filing an appeal. Nevertheless, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and, therefore, IFP status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this Order to plaintiff and to close this docket for administrative purposes.

So Ordered.

Dated: Brooklyn, New York
January 31, 2019

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge